UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO CASTILLO,

                Plaintiff,

-against-

CORRECTION OFFICER R.C. SNEDEKER; D. VENETTOZZI, DIRECTOR SHU; C.H.O. HENLEY,

                Defendants.

**ORDER OF SERVICE**

21-CV-11109 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his due process rights and wrongfully confined him in the segregated housing unit (SHU). By order dated January 10, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

    The Court, on January 12, 2022, issued an Order of Service using an address for Defendant Snedeker at Green Haven Correctional Facility; and Defendants Venettozzi and Henley at the Department of Corrections and Community Supervision State Office Campus. (Doc. 6). The U.S. Marshals Service attempted to serve each Defendant on September 1, 2022, but noted that each was not located at the address provided. (Doc. 9; Doc. 10; Doc. 11). The Court, on November 2, 2022, issued an Order pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), directing the New York State Attorney General to identify each Defendant by name and provide addresses for service. (Doc. 14). The Attorney General filed a letter on January 3, 2023, providing full names

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

for the three Defendants and identifying their service addresses, which are listed herein on page 5. (Doc. 18).

The Court hereby deems the Complaint amended to identify Snedeker as C.O. Robert C. Snedeker (Badge No. 30637), Venettozzi as First Deputy Superintendent Donald Venetozzi; and Henley as C.H.O. Katherine Henley.

## DISCUSSION

**A.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Correction Officer R.C. Snedeker, SHU Director D. Venettozzi, and Commissioner Hearing Officer (CHO) Henley through the U.S.

Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

**CONCLUSION**

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for C.O. Robert C. Snedeker (Badge No. 30637), First Deputy Superintendent Donald Venetozzi, and C.H.O. Katherine Henley, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is further requested to modify the Defendants' names on the docker to reflect the identification of Snedeker as C.O. Robert C. Snedeker (Badge No. 30637), Venettozzi as First Deputy Superintendent Donald Venetozzi; and Henley as C.H.O. Katherine Henley.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, together with an information package.

**SO ORDERED.**

Dated: White Plains, New York
       January 4, 2023

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. Robert C. Snedeker (Badge No. 30637)
   Marcy Correctional Facility
   9000 Old River Road
   P.O. Box 5000
   Marcy, New York 13403

2. First Deputy Superintendent Donald Venettozzi
   Mid-State Correctional Facility
   9005 Old River Road
   P.O. Box 216
   Marcy, New York 13403

3. C.H.O. Katherine Henley
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226