

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL  
LITIGATION BUREAU

June 14, 2023

**Via ECF**
Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    **Castillo v. Snedeker, et al., 21-cv-11109 (PMH)**

Dear Judge Halpern:

This office represents Defendants Snedeker, Venettozi, and Henley, employees of the New York State Department of Corrections and Community Supervision (DOCCS), in the above-referenced pro se incarcerated action regarding prison disciplinary proceedings. Pursuant to sections 2(C) and 4(C)(iii) of the Court's Rules, Defendants respectfully request a conference to discuss briefing schedule on an anticipated motion to dismiss the Complaint as described below. On May 24, 2023 the Defendants sent a letter to Plaintiff pursuant to Rule 4(C)(ii), however, Plaintiff has not submitted any response to the letter.

**SUMMARY ALLEGATIONS OF COMPLAINT**

By law, only the well pleaded factual allegations are entitled to the assumption of truth, not conclusions of law or other conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679

(2009). Accordingly, only the factual allegations are considered in determining whether a claim is stated.

The Complaint alleges that in 2015, Defendant Snedeker wrote a misbehavior report and, notwithstanding his claim of innocence, Plaintiff was found guilty of rule violations 113.10 possession of a weapon, 113.11, possession of an altered item, and 113.23 possession of contraband at a hearing conducted by Defendant Henley at Green Haven Correctional Facility. Cmplt pg 2.

In March, 2016, an administrative appeal was filed and the disposition was affirmed by Defendant Venettozzi. Id. After the appeal, the Complaint alleges that Plaintiff filed an Article 78 Proceeding which resulted in a new hearing on the rule violations. Id. In 2018, the rehearing was completed where Plaintiff was once again found guilty by Defendant Henley. Id. A second administrative appeal was filed, and in June 2018, the second hearing was also affirmed by Defendant Venettozzi. Plaintiff filed a second Article 78 and on February 27, 2019, Plaintiff was informed that the results of the hearing were administratively reversed. See Castillo v. Annucci, 173 A.D.3d 1588, 101 N.Y.S.3d 668 (3d Dept. 2019).

**NO CLAIM AGAINST CO SNEDEKER**

To the extent that Plaintiff's claims are based on allegations that CO Snedeker falsified the misbehavior report, those claims fail because "a[n incarcerated individual] has no general constitutional right to be free from being falsely accused" by way of misbehavior report. Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). While an exception to this general rule exists, Plaintiff's claim fails to establish that the exception applies in this matter as Plaintiff does not sufficiently allege that he was "disciplined without adequate due process" as a result of the

purportedly false misbehavior report. Plaintiff also fails to allege that the misbehavior report was retaliatory. See Willey v. Kirkpatrick, 801 F.3d 51, 63 (2d Cir. 2015) (holding that an exception occurs when either 1) the inmate "was disciplined without adequate due process" as a result of the accusations or (2) where the accusations were made "in retaliation") (citation omitted)).

**NO DUE PROCESS CLAIM AGAINST HENLEY OR VENETTOZZI**

Although Plaintiff claims that he brought an Article 78 proceeding indicating that that a due process violation had occurred, only the well pleaded factual allegations are entitled to the assumption of truth, not conclusions of law or other conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiff fails to allege the particular facts necessary to show that a due process violation occurred. Specifically, Plaintiff does not allege how long he spent in disciplinary confinement, was deprived of privileges, or otherwise faced atypical and significant hardships to show that he had a liberty interest requiring due process to abridge. See Palmer v. Richards, 364 F.3d 60, 64-66 (2d Cir. 2004). Even if Plaintiff had a liberty interest, Plaintiff fails to allege the particular manner in which he was not given the process due. See Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004).

**STATE DEFENDANTS HAVE QUALIFIED IMMUNITY**

Finally, even if Plaintiff had stated any claims, Defendants have qualified immunity against Plaintiff's damages claims because it was objectively reasonable for defendants to believe that their conduct did not violate clearly established law. See Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987). Specifically, Defendants have qualified immunity there is no right against having false misbehavior reports filed against Plaintiff, and there was no right against the hearing officer believing the report to be true and sustaining the report. Furthermore, specifically with respect to

June 14, 2023	Page 4 of 4

Defendant Venettozzi, the law is not clearly established that merely sustaining the results of a disciplinary hearing on administrative appeal is sufficient to establish his personal involvement in a due process violation.  See Lebron v. Mrzyglod, No. 14-Civ-10290 (KMK), 2017 WL 365493, *8-9 (S.D.N.Y. Jan. 24, 2017).

For the foregoing reasons, defendants intend to move to dismiss the Complaint, and hereby request a pre-motion conference pursuant to 2(C) of the Court's Rules.

Respectfully submitted,

/s/ Joshua M. Mitts
Joshua M. Mitts
Assistant Attorney General
(212) 416-8663
Joshua.Mitts@ag.ny.gov

cc:

Pedro Castillo
93-A-1393
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562
*Pro Se*