UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PEDRO CASTILLO,

                Plaintiff,

        -against-

C.O. ROBERT C. SNEDEKER, DONALD
VENETTOZZI, C.H.O. KATHERINE
HENLEY,

                Defendants.

**OPINION & ORDER**

21-CV-11109 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Pedro Castillo ("Plaintiff"), currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"), initiated this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 on December 20, 2021. (Doc. 1, "Compl."). Plaintiff alleged that three employees of the New York State Department of Corrections and Community Supervision ("DOCCS")—specifically, C.O. Robert C. Snedeker ("Snedeker"), First Deputy Superintendent Donald Venettozzi ("Venettozzi"), and C.H.O. Katherine Henley ("Henley") (collectively, "Defendants")—violated his constitutional rights under the Eighth and Fourteenth Amendments during his confinement at Green Haven Correctional Facility ("Green Haven") from December 2015 to April 2016. (*See generally* Compl.).

On November 9, 2023, the Court granted Defendants' motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc.44, "Prior Order" at 13-14).[1] The Court dismissed: (i) Plaintiff's claim against Snedeker regarding the allegedly false misbehavior report

---

[1] The Prior Order is available on commercial databases. *See Castillo v. Snedeker*, No. 21-CV-11109, 2023 WL 7625882, at *1 (S.D.N.Y. Nov. 9, 2023). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

without prejudice; (ii) Plaintiff's Fourteenth Amendment due process claims against Henley and Venettozzi with prejudice; and (iii) Plaintiff's Eighth Amendment unconstitutional conditions of confinement claim with prejudice. (*Id.*). The Court permitted Plaintiff to file an amended complaint within thirty days to correct the deficiencies identified in the Prior Order with respect to the false misbehavior report claim against Snedeker; and no other amendments. (*Id.*). The Court warned that "[i]f Plaintiff fails to abide by the thirty-day deadline, or amends the pleading in a manner not permitted by this Memorandum Opinion and Order, his claims dismissed without prejudice will be dismissed with prejudice." (*Id.*).

Plaintiff, following an extension of time, filed an Amended Complaint on December 22, 2023. (Doc. 51; Doc. 52, "Am. Compl."). The Amended Complaint provides more detail as to the allegations asserted in the original Complaint (Doc. 2) and in opposition to the initial motion to dismiss (Doc. 39), but the underlying events remain consistent. (*See generally* Am. Compl.). The Court thus assumes the parties' familiarity with the factual allegations as laid out in the Prior Order and incorporates any additional factual allegations where appropriate *infra*.[2]

Pending before the Court is Snedeker's motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 63; Doc. 64, "Def. Br.").[3] Plaintiff opposed the motion on April 5, 2024 (Doc. 66, "Opp."), Snedeker filed his reply on April 23, 2024 (Doc. 67), and Plaintiff filed a sur-reply, without prior permission of the Court, on May 14, 2024 (Doc. 71, "Sur-reply").

---

[2] The Court assumes the parties' familiarity with the underlying procedural history of this action. Unless otherwise indicated, defined terms and citations herein to documents submitted on the underlying motion have the same meanings and utilize the same format ascribed to them in the Prior Order.

[3] Snedeker's Notice of Motion refers to dismissal of the "Complaint." (Doc. 63). However, the memorandum of law in support of Snedeker's motion specifically identifies the "Amended Complaint" (Doc. 52), which is the operative complaint in this action, as the subject of the pending motion to dismiss. (Def. Br. at 2).

With respect to the false misbehavior report claim against Snedeker, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997). "Instead, to maintain a cognizable claim against correction officers for filing a false misbehavior report, 'a plaintiff must be able to show either: (1) that he was disciplined without adequate [procedural] due process, as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right.'" *Louime v. Lamanna*, No. 21-CV-09594, 2023 WL 1385180, at *6 (S.D.N.Y. Jan. 31, 2023) (citing *Allen v. City of N.Y.*, 480 F. Supp. 2d 689, 721 (S.D.N.Y. 2007)).

The Court found in the Prior Order that Plaintiff: (i) was not denied due process as a result of the misbehavior report; and (ii) had not alleged that Snedeker's issuance of a false misbehavior was done in retaliation for Plaintiff's exercise of a constitutionally protected right. (Prior Order at 7). The Court further found that "[i]f Plaintiff were to identify some prior protected conduct that Snedeker sought retaliation for, such allegations may be sufficient to allege a constitutional violation based on the false misbehavior report." (*Id.*). The Amended Complaint did not add any allegations that Plaintiff engaged in some prior protected conduct. (*See generally* Am. Compl.). In fact, Plaintiff stated in his sur-reply that "it is unreasonable and unfair for the Defendant's attorney to place an extra burden upon the Plaintiff to produce any previous incident involving the Plaintiff and Defendant Snedeker, to show that Defendant Snedeker's threatened statement resulted as retaliation. **This has not been Plaintiff's claim**." (Sur-reply ¶ 17) (emphasis added). Accordingly, Plaintiff concedes that he is not asserting a false misbehavior report claim premised on retaliation. The Amended Complaint therefore fails to state a cognizable claim based on Snedeker's issuance of an allegedly false misbehavior report. *See i.e., Chavez v. Gutwein*, No. 20-CV-00342, 2021 WL 4248917, at *6 (S.D.N.Y. Sept. 17, 2021).

Accordingly, the Court GRANTS the motion to dismiss Plaintiff's claim against Snedeker regarding the false misbehavior report with prejudice. "Although courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its shortcomings, leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies." *Amaker v. Gerbing*, No. 17-CV-03520, 2022 WL 463312, at *8 (S.D.N.Y. Feb. 15, 2022) (cleaned up). Moreover, "leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Having been given the opportunity to cure the Complaint's deficiencies with respect to the remaining claim, which was specifically and fully identified in the Prior Order, and having failed to so, Plaintiff's Fourteenth Amendment due process claim against Snedeker is dismissed with prejudice because any amendment would be futile.[4]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf.* Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 63, mail a copy of this Opinion and Order to Plaintiff, and close this case.

**SO ORDERED:**

Dated:  White Plains, New York
        July 8, 2024

_____
PHILIP M. HALPERN
United States District Judge

---

[4] Snedeker also seeks dismissal of the Amended Complaint on the basis that he is entitled to qualified immunity. (Def. Br. at 2). Given the conclusions reached herein, the Court need not and does not reach this argument regarding qualified immunity.

4